**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **GREAT NORTHERN INSURANCE COMPANY**<br>202B Halls Mill Road<br>Whitehouse Station, NJ 08889<br><br>and<br><br>**CHUBB CUSTOM INSURANCE COMPANY**<br>202B Halls Mill Road<br>Whitehouse Station, NJ 08889<br><br>Plaintiffs<br><br>v.<br><br>**INFINITY MECHANICAL, INC.**<br>58 Old Stewart Avenue<br>Garden City Park, NY 11040<br><br>Defendant | : | Case No.<br><br>Jury Trial Demanded |

# COMPLAINT

Plaintiffs, Great Northern Insurance Company, as subrogee of Point 72 Asset Management, and Chubb Custom Insurance Company, as subrogee of Steven and Alexandra Cohen, through their undersigned counsel and for their Complaint against Defendant, Infinity Mechanical, Inc., allege as follows:

## PARTIES

1. Plaintiff Great Northern Insurance Company, as subrogee of Point 72 Asset Management ("Great Northern"), is a corporation, organized and existing under the laws of

the State of Indiana, with its principal place of business at 202B Halls Mill Road, Whitehouse Station, NJ 08889.

2. Plaintiff Chubb Custom Insurance Company, as subrogee of Steven and Alexandra Cohen ("Chubb Custom"), is a corporation, organized and existing under the laws of the State of Delaware, with its principal place of business at 202B Halls Mill Road, Whitehouse Station, NJ 08889.

3. At all times material hereto, Plaintiff Great Northern and Plaintiff Chubb Custom were authorized to issue insurance policies in the State of Connecticut.

4. Defendant, Infinity Mechanical, Inc., is a corporation, organized and existing under the laws of the State of New York, with its principal place of business at 58 Old Stewart Avenue, Garden City Park, NY 11040.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, as there is diversity between the parties and the amount in controversy exceeds $75,000, exclusive of the interest and costs of this action.

6. Venue is properly laid in this judicial district as the events giving rise to Plaintiffs' claims occurred in this judicial district.

**ALLEGATIONS**

7. At all times material hereto, Plaintiff Great Northern's insured, Point 72 Asset Management, owned the real property located at 72 Cummings Point Road, Stamford, CT 06902 ("Subject Property").

8. At all times material hereto, Plaintiff Great Northern provided insurance coverage to Point 72 Asset Management for the Subject Property pursuant to policy number 000035917506 ("Point 72 Policy").

9. At all times material hereto, Plaintiff Chubb Custom's insureds, Steven and Alexandra Cohen, owned fine art displayed in the Subject Property.

10. At all times material hereto, Plaintiff Chubb Custom provided insurance coverage to Mr. & Mrs. Cohen for their fine art pursuant to policy number 000055383116 ("Cohen Policy").

11. At all times material hereto, Defendant was engaged in the business of installing heating, ventilation, and air conditioning equipment.

12. On November 7, 2015, Defendant was in the process of installing an air handling unit on the roof of the Subject Property.

13. While installing the air handling unit, Defendant performed welding and/or grinding work on the Subject Property's roof.

14. Defendant used welding rods and/or an electric grinder on the Subject Property's roof.

15. Defendant's welding and/or grinding work ignited combustible materials on the Subject Property's roof.

16. This caused a fire, which damaged the Subject Property, as well as Mr. & Mrs. Cohen's personal property therein.

17. Plaintiffs' insureds submitted claims to Plaintiffs for the damage caused by the November 7, 2015 fire.

18. Pursuant to the terms of the Point 72 Policy, Plaintiff Great Northern has made payments to its insured in excess of Seventy-Five Thousand Dollars ($75,000) to repair and replace their destroyed property.

19. Pursuant to the terms of the Cohen Policy, Plaintiff Chubb Custom has made payments to its insureds in excess of Seventy-Five Thousand Dollars ($75,000) to repair and replace their destroyed property.

20. In accordance with the terms of the Point 72 Policy and the Cohen Policy, as well as the common law principles of legal and equitable subrogation, Plaintiffs, by virtue of and to the extent of their payments, are subrogated to their respective insureds' rights.

21. Defendant had a duty to use due care while performing work at the Subject Property.

22. Defendant breached its duty to use due care while performing work at the Subject Property.

23. The November 7, 2015 fire and resulting damage were the direct and proximate result of the negligence, carelessness, recklessness, and/or negligent acts and omissions of Defendant and/or Defendant's agents and/or employees, acting within the scope of their employment, as follows:

A. Improperly performing welding and/or grinding work on the Subject Property's roof;

B. Igniting combustible materials while performing welding and/or grinding work on the Subject Property's roof;

C. Using welding equipment in a way that exposed the Subject Property to an unreasonable risk of damage by fire;

D. Using an electric grinder in a way that exposed the Subject Property to an unreasonable risk of damage by fire;

E. Failing to properly train its employees in the use of welding and/or grinding equipment;

F. Failing to use adequate fire protection;

G. Failing to conduct a proper fire watch;

H. Failing to properly supervise the use of welding and/or grinding equipment at the Subject Property; and

I. Exposing the Subject Property and the personal property therein to an unreasonable risk of damage by fire.

24. As the direct and proximate result of these negligent, careless, and/or reckless acts and/or omissions, Plaintiffs' insureds suffered damage.

WHEREFORE, Plaintiffs demand judgment against Defendant in an amount in excess of Seventy-Five Thousand Dollars ($75,000), together with interest, the costs of this action, and such other relief as deemed just and proper under the law.

Date: February 8, 2017

Respectfully submitted,

**Andrew G. Buchetto**
Mulvey, Oliver, Gould & Crotta
2911 Dixwell Avenue
Hamden, CT 06518
Tel.: 203-624-5111
Fax.: 203-789-8371
buchetto@moglaw.com

Of Counsel:
Kevin J. Hughes, Esq.
Christopher H. Boyle, Esq.
Cozen O'Connor
1650 Market Street – Suite 2800
Philadelphia, PA 19103
(215) 665-2000
khughes@cozen.com
chboyle@cozen.com